594 P.2d 1037

Palmer D. McCUISTION and Anne H. McCuistion, husband and wife, Individually and as guardian and next best friend of Agnes McCuistion and Andrea McCuistion, and Mrs. Lon Hunt, Individually, and John S. Hunt and Jane Doe Hunt, husband and wife, Individually, Plaintiffs-Appellants,

v.

CITY OF HUACHUCA CITY, a body politic, Defendant-Appellee.

No. 2 CA–CIV 3170.

Court of Appeals of Arizona, Division 2.

April 30, 1979.

Rabinovitz, Dix & Sands, P. C. by Charles G. Rehling, Tucson, for plaintiffs-appellants.

Mesch, Marquez, Clark & Rothschild, P. C. by Alfred C. Marquez and Patricia Wendel, Tucson, for defendant-appellee.

## OPINION

RICHMOND, Chief Judge.

Plaintiffs appeal from a judgment dismissing their amended complaint for failure to state a claim against the City of Huachuca City upon which relief can be granted, and from an order denying their motion to set aside the judgment. Because the complaint states a claim for relief we reverse and remand.

The amended complaint alleges that on two occasions in 1975, as a result of Huachuca City's negligent failure to protect contiguous property, the city's landfill washed down upon plaintiffs' property "depositing offensive and foul smelling debris and garbage" that made the plaintiffs sick enough to require medical attention. The complaint also alleges that in negligently removing the garbage from plaintiffs' property with trucks and bulldozers Huachuca City employees damaged the vegetation on the property. The plaintiffs asked for damages for illness and the diminution in value of their property.

As the result of a breakdown in their lawyers' calendaring system, no opposition to Huachuca City's motion to dismiss was filed on plaintiffs' behalf until after judgment had been entered. Plaintiffs promptly filed a motion to set aside the judgment, together with their opposition to the motion to dismiss. After argument the trial court denied the motion to set aside. Huachuca City does not question plaintiffs' assertion of excusable neglect in failing to file its opposition on time, but contends the judgment should be affirmed on the merits.

Huachuca City's motion to dismiss was based on the pronouncement in *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969), of the general rule pertaining to governmental agencies and public officers:

"* * * [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution." 104 Ariz. at 521, 456 P.2d at 379.

As this court pointed out, however, in *Duran v. City of Tucson*, 20 Ariz.App. 22, 509 P.2d 1059 (1973), *Massengill* does not apply to those acts performed in the execution of governmental functions which have a clear parallel to acts performed by ordinary citizens for which liability follows. Maintenance by a municipality of its property so as to create a nuisance is one example. *See City of Phoenix v. Johnson*, 51 Ariz. 115, 75 P.2d 30 (1938). Negligent operation of motor vehicles by city employees is another. *Duran*, supra.

The judgment of dismissal is vacated and the case remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concurring.